State, Orange and Newark Horse R. R. Co., pros., v. Douglass, Receiver.

---

THE STATE, THE ORANGE AND NEWARK HORSE CAR RAILROAD COMPANY, PROSECUTORS, v. BAILEY B. DOUGLASS, RECEIVER OF TAXES OF NEWARK.

1. The prosecutors are taxable in the form prescribed by their charter, and not under the general tax law of 1866.
2. The tax law of 1866 excepts from its operation every corporation which, by the terms of its charter, is expressly exempt from taxation, whether such charter is irrepealable or repealable, in the discretion of the legislature.

State, Orange and Newark Horse R. R. Co., pros., v. Douglass, Receiver.

Argued before BEDLE, WOODHULL, and SCUDDER, Justices.

For prosecutors, *David A. Hayes* and *Joseph P. Bradley.*

For defendant, *John P. Jackson.*

SCUDDER, J.   The prosecutors were assessed in the city of Newark, for the year 1868, as follows : In the Fourth ward, $25,000 real estate ; $235,550 capital stock, less real estate deducted.   In the Thirteenth ward, $12,000 real estate— the aggregate amount of taxable property being $272,550, and the tax, $4,633.35.   The reasons filed for setting aside the assessment are—*First.*  Because, by their charter, the prosecutors are exempt from all taxes, except a tax to the treasurer of this state.   *Second.*  Because said taxes were illegally assessed to the said company.

By the sixteenth section of the charter, (*Laws* 1859, *p.* 306,) it is enacted " that as soon as the said railroad is finished, the president of the said company shall file, under oath or affirmation, a statement of the amount of the cost of said railroad, including all expenses, in the office of the secretary of state, and annually thereafter he shall, under oath or affirmation, make a statement to the legislature of this state, of the proceeds and expenses of said road, and as soon as the said company shall declare to their stockholders dividends equal to seven per centum per annum, from and after the commencement of the building of said road, and so long as the said company pays dividends of seven per centum per annum, the said company shall pay to the treasurer of this state a tax of one-half of one per centum on the cost of the said road, to be paid annually on the first Monday in January ; provided, *that no other tax or impost shall be levied or raised from said corporation, by virtue of any law of this state.*"

There is no clause in the act of incorporation reserving to the legislature the right to alter or repeal it ; but it is subsequent to the general act concerning corporations, and there-

State, Orange and Newark Horse R. R. Co., pros., v. Douglass, Receiver.

fore subject to alteration, suspension, and repeal in the discretion of the legislature. *Nix. Dig.* 168, § 6.*\` This was, in legal effect, incorporated in the charter. *State* v. *Person,* 3 *Vroom* 566.

Many charters of private corporations in this state have a similar section appointing the method and limitation of taxation. The provision that no tax should be paid to the state until the company should declare to their stockholders dividends equal to seven per centum per annum was in many cases a practical exemption from taxation. That unfairness in accounting and paying taxes existed or was suspected in some cases, is evident from the fact that by an act of the legislature, approved March 13th, 1862, (*Laws, p.* 205,) entitled "An act relative to taxes due from incorporated companies in this state," the governor, attorney-general, and treasurer of the state were directed to make inquiry, and if there were found to be taxes or other dues unpaid from any incorporated company in the state, the attorney-general was required to collect the same.

The legislature at this time also adopted a new system of taxation for private corporations, for the purpose of including within a general method of rating, all that were not protected by irrepealable contract with the state. This, while serving the purpose of correcting existing abuses pointed at by the former statute, would greatly add to the amount of taxable property in the state. The increase of taxes about this time, caused by the extraordinary expenses of the state, counties, townships, and municipalities, made it necessary and equitable that all persons and property should, so far as practicable, be made to share the burden. In such an exigency, it was felt that every possible aid should be evoked for the public relief; that not only the state should receive a tax as provided by those charters, but that counties, towns, and cities should also have their fair proportion. The supplement to the tax law, approved March 28th, 1862, (*Laws* 344) was carefully prepared for these purposes. Section eight enacts "that all private incorporations of this state, except those

*Rev., p.* 178, § 6.

which, by virtue of any *irrepealable* contract in their charters, or other contracts with this state, are expressly exempted from taxation, shall be, and they are hereby required to be, respectively assessed and taxed at the full amount of their capital stock paid in and accumulated surplus, and the persons holding the capital stock of such corporations shall not be assessed therefor," &c.

By another section, real estate was assessed where situated, and the value thereof deducted from the amount of capital stock. These are the general features of the law so far as applicable to this case. A corporation, to be excluded from the operation of this law, must have an irrepealable contract in the charter, or other contract with the state, expressly exempting from taxation. Great stress was put upon the word *irrepealable*, because the faith of the state given to such corporations could not be recalled, whatever might be the exigency and necessity for a change that had since arisen; and also because, by the constitution of the United States, no law could be passed by the state impairing the obligation of contracts.

That such charters are contracts within this prohibition is well established in many cases of the highest authority upon constitutional questions. Justice Story, in the Dartmouth College case, 4 *Wheat.* 675, says, "unless a power be reserved for that purpose, the crown cannot, by virtue of its prerogative, without the consent of the corporation, alter or amend the charter;" and Justice Washington, in the same case, (*p.* 659,) says in very general terms, "a charter of incorporation is a contract." This must be understood, however, to be said of a private corporation with an irrepealable charter. See also, *Charles River Bridge* v. *Warren Bridge*, 11 *Peters* 535; *Gordon* v. *Appeal Tax Court*, 3 *How.* 133; *State Bank of Ohio* v. *Knoop*, 16 *How.* 369; *Ohio Life Insurance Co.* v. *Debolt*, 16 *How.* 426; *Dodge* v. *Woolsey*, 18 *How.* 331; 2 *Story on Constitution*, § 1392, &c.; *Angell & Ames on Corporations*, § 767, &c.

Designedly and for a manifest purpose, therefore, our legis-

lature excepted all irrepealable charters containing exemptions from taxation, from their new scheme of taxation under the law of 1862, but included therein all repealable charters containing exemptions from taxation. This construction has been settled by our courts. *State* v. *Miller*, 1 *Vroom* 368; *s. c.*, 2 *Vroom* 521; *State* v. *Jersey City*, 2 *Vroom* 575; *State* v. *Person*, 3 *Vroom* 566.

In 1866, another law concerning taxes was passed by the legislature, and the act of 1862 was repealed. Under the forms of this law the prosecutors have been assessed. While it is almost identical in other respects with the law of 1862, there is a marked change in the section referring to the taxation of private corporations. Section fifteen (*Nix. Dig.* 954*) enacts that "all private corporations of this state, except banking institutions, and except those which, by virtue of *any contract* in their charters, or other contracts with this state are expressly exempted from taxation, and except mutual life insurance companies specially taxed, shall be, and are hereby required to be, respectively assessed and taxed at the full amount of their capital stock paid in and accumulated surplus," &c.

The word "irrepealable" is omitted in this section, and the exception is extended to any contract in the charter, expressly exempting from taxation. Such a marked change, made after the decision of the cases above cited from 1 and 2 *Vroom*, can admit of but one construction. The legislature intended to except every corporation which is expressly exempted from taxation in its charter, whether such charter is irrepealable or repealable, in their discretion.

Justice Elmer, in *State* v. *Miller*, 1 *Vroom* 372, says: " If the legislature meant to except from the operation of this law all corporations which are expressly exempted from taxation, this meaning could have been, and doubtless would have been, plainly expressed in unambiguous terms. If the word ' irrepealable' had been omitted, and the language had been ' by virtue of any contract in their charter or other

*Rev., p. 1156, § 73.

contract with this state,' there could be no doubt of the meaning."

The legislature have adopted the very language in this suggestion of the court, and we cannot, therefore, doubt their intention.

The charter of the prosecutors contains the usual clause of express exemption upon payment of a fixed percentage of tax to the treasurer of the state. The basis of taxation is the cost of the road, and not the capital paid in and the accumulated surplus. They are, therefore, within the exception of the law of 1866.

It is unnecessary to consider the other objections, which relate merely to the formalities of assessment under the general law. The assessment was made in form under the law of 1866, and this case, being special in its character, by reason of the exemption in its charter, is in no way affected by the general terms of the several acts of March 11th, 1868, *p.* 352 ; April 8th, 1868, *p.* 865 ; April 17th, 1868, *pp.* 1123 and 1145 ; and April 2d, 1869, *p.* 1225. Even if the assessment were made under the acts of 1868, (*Nix. Dig.* 958–9) as was contended in the argument, yet the terms of these acts are too general to affect the express exemption in the charter of the company. *State* v. *Minton,* 3 *Zab.* 529.

The assessment against the prosecutor must be set aside.

BEDLE and WOODHULL, Justices, concurred.

Cited in State, M. & E. R. R. Co., pros., v. Comm'rs, 8 Vr. 236.